(150 App. Div. 304.)

## FRIEDEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    April 26, 1912.)

CARRIERS (§ 320*)—STREET RAILROADS—INJURY TO PASSENGER—JURY QUESTION —NEGLIGENCE.

In an action for injury to a street car passenger, caused by the motorman running the car into a body of water which had accumulated on the track, whether the motorman was negligent *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149; Dec. Dig. § 320.*]

Appeal from Kings County Court.

Action by Josephine Friedel against the Brooklyn Heights Railroad Company. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Edwin F. Valentine, of New York City, for appellant.
D. A. Marsh, of Brooklyn, for respondent.

PER CURIAM. This action was brought in the County Court of Kings County to recover damages for personal injuries to the plaintiff while a passenger in one of the trolley cars of the defendant on the night of August 24, 1907. At the close of the plaintiff's testimony her complaint was dismissed, on the ground that she had failed to make out a cause of action.

Taking the evidence offered by the plaintiff in its most favorable aspect, her proofs go to show that, while she was a passenger on one of the trolley cars of the defendant on Cypress avenue in the borough of Brooklyn, a trapdoor in the floor of the car sprang open and a volume of water poured in and splashed over plaintiff and other passengers, and that she thereupon became frightened, arose in her seat, and in her fright fell into the space previously covered by the trapdoor, and suffered more or less physical injuries. It appeared likewise, as a part of her proof, that on the night in question it had been raining heavily, and that that portion of the street where the accident took place was below grade, and because of lack of proper sewer facilities was subject to flooding whenever there was a considerable rainstorm; that this condition had existed for a very long time, and that when the trolley car approached the spot in question it was operated at such a rate of speed that it rocked from side to side.

It seems to us that under these circumstances it was a question of fact for the jury whether the motorman should not have anticipated the presence of a large body of water at this spot, in view of the fact that water did accumulate there after every heavy rainstorm, and whether with such anticipation it was not negligent for him to run his car into such a body of water at such a rate of speed as to bring the floor of his car in very violent contact with the water, and thus produce the result which happened. The presence of the trapdoor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not in itself an act of negligence, nor might the fact that water came into the car constitute negligence on the part of the defendant. But it seems quite plain that the cause of the trapdoor springing up so violently was the great force with which the car was brought in contact with the body of water then flooding the spot in question. If the motorman was bound to anticipate the presence of water on the street at that place, as it usually happened after a heavy rainstorm, then it is a question whether it was the exercise of due care for him to drive his car into that body of water under such circumstances as to bring about a violent contact with it.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

